UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MAUDER and ALICE CHAO; DEOGENESO and GLORINA PALUGOD; and MARITZA PINEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AURORA LOAN SERVICES, LLC,<br><br>Defendant. | Case No: C 10-03383 SBA<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SET A PHASED DISCOVERY SCHEDULE**<br><br>Dkt. 49. |

The parties are presently before the Court on Defendant Aurora Loan Services, LLC's ("Aurora") administrative motion under Civil Local Rule 7-11 to set a phased discovery schedule in this putative class action. Dkt. 49. Plaintiffs oppose the motion. Dkt. 52. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion, for the reasons stated below.

In its motion, Aurora requests that this Court issue an order bifurcating discovery into two phases: (1) class certification discovery; and (2) merits discovery thereafter. Aurora claims that bifurcation "will allow the parties and the Court to move more efficiently to the early determination of class certification as required by the Federal Rules."

The Court has broad discretion to determine how to structure discovery in a complex case. See Gray v. Winthrop Corporation, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Here, the Court concludes that Aurora has failed to demonstrate that bifurcating discovery into two phases is appropriate. Contrary to Aurora's contention, the Court is not convinced that bifurcating discovery will promote judicial economy and the efficient resolution of this case. The Court is not persuaded, as Aurora claims, that the test for determining whether

1  discovery is certification-based or merits-based would be "straightforward and easy to
2  administer," and that phased discovery would likely have the effect of "reducing" the
3  number of discovery disputes.
4      In fact, the Court finds that an order bifurcating discovery would be unworkable
5  because the certification-based evidence and merits-based evidence in this case is
6  intertwined, and inefficient because bifurcation would require ongoing supervision of
7  discovery, including the resolution of disputes concerning whether discovery is
8  certification-based or merits-based.  In short, because Aurora failed to demonstrate that its
9  proposal would save judicial resources and facilitate the expeditious resolution of this case,
10 Aurora's request for a phased discovery schedule is DENIED.  See Gray, 133 F.R.D. at 41.
11 The motion for class certification will be briefed and heard in accordance with the schedule
12 previously established by the Court.  See Dkt. 46.
13     IT IS SO ORDERED.
14 Dated:  December 12, 2011
15                                         _____
                                           SAUNDRA BROWN ARMSTRONG
                                           United States District Judge